FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 MAR 28 AM 11: 52
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TROY MARCHAND HENRY, SR., #447363,　*

Petitioner,　*

v.　*　Civil Action No. RDB-18-164

WARDEN RICKY FOXWELL and　*
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,　*

Respondents.　*
　***

## MEMORANDUM OPINION

Troy Marchand Henry, Sr., currently confined at Eastern Correctional Institution in Westover, Maryland, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition challenges his 2016 conviction in the Circuit Court for Worcester County, Maryland for felonious possession of heroin and the use of a minor in a drug distribution offense. *Id.*; ECF No. 4-1, p. 7. Respondents filed a Limited Answer in which they sought dismissal of the Petition on the basis of non-exhaustion and/or procedural default. ECF No. 4. Subsequently, Henry opposed Respondents' arguments in a pleading entitled "Motion Opposing Default Claims," which the Court docketed as a Motion for Other Relief. ECF No. 6. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the Petition is denied and dismissed, and a Certificate of Appealability shall not issue.

## BACKGROUND

On February 25, 2016, Henry pleaded guilty to felonious possession of heroin and the use of a minor in a drug distribution offense in the Circuit Court for Worcester County. ECF No. 4-1, p. 7. On May 6, 2016, he was sentenced to a total of 15 years in prison. ECF No. 1, p. 1; ECF No. 4-1, p. 8. Henry did not seek leave to appeal from his convictions. ECF No. 1, p. 2.

On October 31, 2016, Henry filed a pro se petition for post-conviction relief, which he supplemented, through counsel, on February 3, 2017. ECF No. 1, p. 2; ECF No. 4-1, pp. 11-12. Henry arugued that trial counsel rendered ineffective assistance "in failing to give accurate advice about the possible sentence." *See* ECF No. 1, p. 3. Specifically, Henry asserted that trial counsel assured him that he would be sentenced to no more than two years if he pleaded guilty, and that he would not have pleaded guilty if he knew that his sentence would be more than two years. *See* ECF No. 4-2, p. 3. The post-conviction court denied Henry's petition on February 28, 2017, concluding that Henry "was fully and accurately advised of the sentence which he could receive as a consequence of his guilty plea." ECF No. 4-2. Henry filed an untimely application for leave to appeal this denial to the Court of Special Appeals of Maryland, and it was "returned as undeliverable 18 days after the deadline." ECF No. 1, pp. 3-4.

## CLAIMS IN THIS COURT

By his Petition for writ of habeas corpus filed in this Court, Henry claims that he is being detained in state custody illegally and presents four grounds, all of which relate to the advice he received regarding his potential sentence:

1. Did the trial court, prosecutor, and trial counsel violate the plea agreement where Henry was not properly advised about sentence enhancement?

2. Did the trial court, prosecutor, and trial counsel violate Henry's right to an accurate sentence where he was not properly advised about sentence suspension and parole eligibility?

2

3. Did the trial court and prosecutor mislead Henry regarding the sentence where he was not provided notice of the mandatory sentence and enhancement?

4. Did the trial court and prosecutor err by stating that Henry had a limited possibility for parole and suspension of his sentence?

**DISCUSSION**

I.    <u>Exhaustion</u>

As a threshold matter, a petitioner seeking habeas relief in federal court must exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1) (2012); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(c). For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert it in an appeal to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301 (West 2011). To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Respondents assert that Henry's Petition should be dismissed because he has failed to exhaust state remedies by not seeking leave to appeal from the denial of his post-conviction petition. ECF No. 4, p. 4. Henry, however, did so by sending an application to the Court of Special Appeals, albeit in an untimely manner. To the extent that there is no further review

3

available in state court, this Court shall proceed to determine whether Henry's claims are procedurally defaulted.

II.   Procedural Default

Where a petitioner has exhausted his available state remedies, a court must then determine whether the procedural default doctrine applies to bar federal review of one or more of his claims. A claim is procedurally defaulted if a petitioner has failed to present it to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines to consider the merits of a claim "on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999) (citation omitted).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may still address the merits of a state defendant's habeas claim if the petitioner can show both cause for the default and actual

4

prejudice that would result from failing to consider the claim on the merits. *See Murray*, 477 U.S. at 494-95; *Breard*, 134 F.3d at 620. "Cause" consists of "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). To demonstrate prejudice, the petitioner must show "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

Here, Henry claims that the trial court, prosecutor, and defense counsel violated his constitutional rights by failing to correctly advise him regarding his possible sentence. ECF No. 1, p. 5. His claims, however, are procedurally defaulted. Any allegation of court error is defaulted because it was not raised on direct appeal, as Henry did not seek leave to appeal from his convictions. *See* ECF No. 1, p. 2. Similarly, any allegation of prosecutorial misconduct is defaulted because it was not raised during post-conviction proceedings. *See id.* at p. 3. Finally, any allegation of ineffective assistance of trial counsel is procedurally defaulted because Henry failed to note a timely appeal from the post-conviction decision. *See id.* at pp. 3-4.

Neither exception to the procedural default bar applies. As to cause and prejudice, nothing in the record suggests that Henry's procedural default was due to external circumstances. Henry has not explained why his application for leave to appeal from the post-conviction decision was untimely, and he has not presented any new evidence to support his claim of

5

innocence. *See* ECF No. 6. In sum, nothing raised by Henry provides a basis for excusing his procedural default, and habeas review is barred as to all of his claims.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. A certificate of appealability may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S.Ct. 759, 773 (2017). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* at 478. Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the foregoing reasons, the Court will deny Henry's Petition for Writ of Habeas Corpus and his Motion for Other Relief (ECF No. 6). The Court also declines to issue a Certificate of Appealability. A separate order follows.

MARCH 28, 2018
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

6